UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Robert Lee Brown,      Case No. 5:11-cv-214

    Petitioner,

v.     **MEMORANDUM AND ORDER**

Secretary, Florida Department
of Corrections, and Florida
Attorney General,

    Respondents.

---

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons that follow, the Petition is denied.

**BACKGROUND**

On August 7, 2009, Petitioner Robert Lee Brown was convicted of three counts of petit theft in Citrus County Court.[1] He represented himself at trial. He was sentenced to five years on each count, to be served consecutively. Thus, his total prison term for the counts of conviction is 15 years.

Brown appealed his conviction and sentence, with counsel filing a brief and Brown

---

[1] On August 27, 2008, Brown was convicted of four counts of petit theft in Lake County. (See Pet. for Writ of Habeas Corpus, Brown v. Sec'y, Fla. Dep't of Corr., Civ. No 5:10-434 (M.D. Fla.) (Docket No. 1).) He was sentenced to five years on one count of petit theft and time served as to the remaining counts. (Id.) He brought a § 2254 Petition challenging that conviction and sentence, but Judge Wm. Terrell Hodges of this Court denied that Petition in May 2013. (Civ. No. 5:10-434 (Docket No. 20).) The Eleventh Circuit recently denied Brown's request for a certificate of appealability to appeal that denial. (Id. (Docket No. 27).)

filing his own pro se brief. The Fifth District Court of Appeal affirmed per curiam. <u>Brown v. State</u>, 18 So. 3d 543 (Fla. Dist. Ct. App. 2009). Brown filed for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court denied the motion (App. Ex. OO) and Brown did not appeal that denial.

Brown then filed a state habeas petition alleging ineffective assistance of appellate counsel. That petition was denied (App. Ex. H), and shortly after the denial, Brown filed yet another motion, this time to correct what he alleged was a vindictive sentence. The trial court denied the motion (App. Ex. K) and Brown took an appeal. Again, the Fifth District Court of Appeal affirmed per curiam. <u>Brown v. State</u>, 59 So. 3d 1151 (Fla. Dist. Ct. App. 2011). Brown filed another motion to correct the allegedly vindictive sentence, which the trial court denied as successive. (App. Ex. Q.) That denial was also affirmed per curiam. <u>Brown v. State</u>, 70 So. 3d 300 (Fla. Dist. Ct. App. 2011). Brown then filed yet another Rule 3.850 motion, arguing that the State impermissibly shifted the burden of proof, among other arguments. The trial court denied the motion. (App. Ex. HH.) Again, the Fifth District Court of Appeal affirmed per curiam. <u>Brown v. State</u>, 73 So. 3d 760 (Fla. Dist. Ct. App. 2011).

While his second Rule 3.850 motion was pending on appeal, Brown brought another motion to correct illegal sentence in the trial court. He eventually raised four different grounds: that the state did not prove his prior convictions, that his sentence was illegal, that the crimes charged arose from the same transaction, and that his sentence was improperly enhanced. The trial court denied the motion as to all claims (App. Exs. V, W), and the Fifth

District Court of Appeal affirmed per curiam. Brown v. State, 75 So. 3d 292 (Fla. Dist. Ct. App. 2011).

Brown thereafter filed two additional Rule 3.850 motions. Both motions were denied (App. Exs. DD, GG, HH) and those denials were affirmed on appeal. Brown v. State, 77 So. 3d 194 (Fla. Dist. Ct. App. 2011); Brown v. State, 73 So. 3d 780 (Fla. Dist. Ct. App. 2011). This Petition followed.

Brown raises seven grounds for relief in his Petition, and two additional grounds in his memorandum.[2] The Court will discuss the two additional grounds as Grounds Eight and Nine, although Brown's memorandum discusses those grounds as One and Two.

In his first ground, Brown contends that the trial court violated his right to a fair trial when it denied his demand for a speedy trial. The second ground claims that the trial court violated Brown's right to a fair trial when it made comments to the jury about the surveillance video. Ground Three claims that the trial court violated Brown's Fourteenth Amendment due process rights by failing to conduct a hearing on Brown's motion to suppress evidence. The fourth ground contends that a witness testified falsely at trial, thus violating Brown's Fourteenth Amendment due process rights.

Ground Five alleges that the evidence at trial was insufficient to establish Brown's guilt beyond a reasonable doubt, in violation of his Fourteenth Amendment due process

---

[2] Brown acknowledges that he raises additional grounds in his memorandum that were not raised in the Petition, although he insists that his Petition has "only 7-8 claims, give or take." (Pet'r's Reply (Docket No. 13) at 13.)

rights. In the sixth ground, Brown alleges that the trial court did not conduct proper hearings to determine whether Brown could represent himself at trial. The seventh ground contends that the trial court erred by requiring Brown to remain shackled throughout the trial.

Ground Eight (or the first ground in Brown's memorandum of law) claims that the trial court imposed a vindictive sentence in violation of Brown's Fourteenth Amendment due process rights. Finally, Ground Nine claims ineffective assistance of appellate counsel for counsel's failure to raise the vindictive sentence claim on direct appeal.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

Brown's Reply to the State's Response therefore reflects a fundamental misunderstanding of the federal courts' role in reviewing state-court proceedings through the writ of habeas corpus. Brown states that the purpose of the federal habeas procedure "is to review the possible unlawfulness of a Petitioner's custody, to determine whether that custody is violative of the laws of the United States Constitution." (Pet'r's Reply (Docket No. 13.) at 2.) But that is not the federal courts' role under the strictures of AEDPA. Rather, the federal courts may only examine those claims that the habeas petitioner presented to the state court to determine whether the state court's resolution of the claims was either contrary to federal law or was an unreasonable determination of the facts. Thus, this Court is not free to disregard the fact that Brown did not sufficiently present some of his current claims to the state courts, for example, merely because Brown contends that the merits of those claims implicate his federal constitutional rights.

**A.     Exhaustion of Remedies – Grounds One, Two, Three, and Five**

Section 2254 requires a person in state custody to exhaust his remedies in state court prior to seeking relief in federal court. Id. § 2254(b)(1)(A); see also Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001) ("A state prisoner seeking federal habeas relief cannot raise a

federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). "The exhaustion requirement is satisfied when the petitioner properly raised the issue in state court, even if the court did not rule on it." Martin v. Sec'y, Dep't of Corr., 262 F. App'x 990, 992 (11th Cir. 2008) (citation omitted). "The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default [that] will bar federal habeas relief." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).

The exhaustion requirement requires "a state prisoner to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971). Thus, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee . . . ." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "[T]he same claim must be brought before both the state and federal courts and presented in such a way 'that a reasonable reader would understand [the] claim's particular legal basis and specific factual foundation.'" Ramos v. Sec'y, Fla. Dep't of Corr., 441 F. App'x 689, 696 (11th Cir. 2011) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)). To fairly present the federal issue to the state courts, the habeas petitioner must have cited a federal source of law in conjunction with his state claim, or cited a case deciding a similar claim on federal grounds, or labeled his claim as a federal claim. Id. (citing Baldwin v. Reese, 541 U.S. 27, 32 (2004)).

The State claims that Grounds One, Two, Three and Five of the Petition were not

exhausted, because the first through third grounds rely exclusively on state law and the fifth ground is so vaguely stated as to be insufficiently pled and was not in any event presented to the state court in any of Brown's appeals or postconviction motions.

Although Brown attempts to raise federal constitutional claims with respect to his contentions about his speedy trial demand, the motion to suppress, and the trial court's allegedly improper comments to the jury, he did not cite any federal cases to the state court in support of these contentions, and it is clear that the violations alleged did not rise to the level of a constitutional violation. Brown believes that the trial court should have ruled on both his demand for a speedy trial and his motion to suppress, but the transcripts show that the trial court explained to Brown that bringing a pretrial motion such as one to suppress evidence waives any speedy trial demand, and also that Brown or his counsel failed to renew the motion to suppress. (App. Ex. LL at 7-9.) But regardless whether the trial court might have erred in its handling of these motions, neither of these claims raise a federal constitutional issue, and thus are not only unexhausted, but are inappropriate for federal habeas review. Nor does Brown explain how the trial court's allegedly improper comments to the jury rise to the level of a federal constitutional violation, and he did not raise it as such in his appeals or postconviction motions. That claim is therefore unexhausted and the Court will not address it further.

Brown's claim regarding the sufficiency of the evidence is likely similarly unexhausted. The record does not indicate that Brown ever raised this claim as a federal constitutional claim in any of his posttrial proceedings. Rather, his counsel's Anders brief

cites only state-law claims in its discussion of this issue. (App. Ex. B. at 14-18.) However, that brief also mentions "due process," which could be construed as invoking the Due Process Clause of the Fourteenth Amendment. Therefore, out of an abundance of caution, the Court will address the merits of the claim below.

**B.     Ground Four:  Witness's False Statement**

Brown contends that a witness at his trial made a false statement during her testimony, and that this violated his rights to due process of law and also violated his right to a fair trial under the Sixth Amendment. But the transcript of the proceeding shows that the witness was impeached with her false testimony. (App. Ex. MM at 124-129.) There is no rule of constitutional law that a witness's impeached false testimony somehow renders a proceeding constitutionally infirm. Brown does not have the right to a trial consisting only of accurate testimony. Rather, he has the right to impeach any witness whose testimony he believes is inaccurate. That is precisely what happened here. The Petition is denied on this issue.

**C.     Ground Five:  Insufficient Evidence**

Brown does not explain his belief that the evidence was insufficient to convict him of the crimes, other than to say that the evidence with respect to two of the counts was "almost entirely circumstantial." (Pet. (Docket No. 1) at 7.) Under Florida state law as it currently stands, a conviction based on only circumstantial evidence "cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Jaramillo v. State, 417 So. 2d 257, 257 (Fla. 1982) (quotation omitted); see also Knight v. State, 107 So. 3d 449, 462 (Fla. Dist. Ct. App. 2013) (discussing problems with this standard of

review).

But federal law is not the same as Florida law in this regard. Rather, as the United States Supreme Court has long held, there is no distinction in federal law between direct and circumstantial evidence. Holland v. United States, 348 U.S. 121, 139-40 (1954). Brown does not argue that the state courts somehow misapplied Holland in reviewing his conviction, nor could he given the fundamental differences between Florida and federal law. On federal habeas review, this Court may only review the state court's decisions for unreasonable applications of federal law, not state law. This ground is without merit and is denied.

**D.     Ground Six: Failure to Conduct Sufficient Inquiry into Brown's Pro Se Status**

As noted, Brown represented himself at trial. He claims that the trial court's inquiry into his desire to represent himself was inadequate under Nelson v. State, 274 So. 2d 256 (Fla. Dist. Ct. App. 1973) and Faretta v. California, 422 U.S. 806 (1975). These precedents require the trial court to inquire as to a criminal defendant's comprehension, intelligence, and understanding of the risks and dangers of self-representation before allowing the defendant to represent himself.

Brown does not elucidate on how he believes the trial court's inquiry was insufficient, and the Court's review of the transcript shows that the court conducted a very thorough inquiry into Brown's desire to represent himself. (App. Ex. MM at 1-29.) That inquiry complied with all constitutional requirements. Thus, the appellate court's denial of this issue does not represent an unreasonable application of federal law or an unreasonable factual determination, and the habeas petition is denied on this point.

**E.     Ground Seven: Shackling During Trial**

Brown contends that his constitutional rights were violated because the trial court required that he be secured to the table during the trial. He does not argue that the jury ever saw him in shackles, or that he was prevented from defending himself because of the shackles. Indeed, the trial court warned him that one consequence of his decision to represent himself would be that he would be unable to move around the courtroom because he would be secured to the table. (App. Ex. MM at 17.)

Brown does not point to any federal authority requiring that a criminal defendant whom the trial court considers a security risk be unshackled during trial. And indeed precedent is to the contrary. Although shackling is to be used only when necessary, shackling a criminal defendant is not a per se violation of the individual's constitutional rights. See United States v. Theriault, 531 F.2d 281, 284 (5th Cir. 1976) (recognizing that shackling or restraining a criminal defendant may be necessary to ensure the "safe, reasonable and orderly progress of trial"). Because the use of shackles may implicate a defendant's right to a fair trial, however, the trial court is required to put its reasons for the restraints on the record. United States v. Durham, 287 F.3d 1297, 1304 (11th Cir. 2002).

Here, the trial court stated that it considered Brown to be a security risk. (App. Ex. MM at 17.) The appellate court affirmed this decision. Brown must establish that the state court's review of this issue unreasonably applied federal law or unreasonably determined the facts. He has failed to show any error of law or fact in the state court's determination that his inability to move around the courtroom did not violate his constitutional rights. The

10

Petition on this ground is therefore denied.

### F. Ground Eight: Vindictive Sentence

Early in Brown's criminal case, the prosecutor offered him a plea bargain of three years' imprisonment. The trial court made its own offer of two years' imprisonment if Brown pleaded guilty, but shortly thereafter learned that Brown's criminal history was lengthy, and the court withdrew the two-year offer. (App. Ex. KK at 10.) As discussed above, Brown rejected the plea deal and was eventually sentenced to 15 years' imprisonment.

He contended in various posttrial motions and contends again here that this sentence is a vindictive sentence in violation of his Due Process rights. Under Florida law, a disparity between a court's plea offer and the sentence ultimately received results in a presumption of vindictiveness. Wilson v. State, 845 So. 2d 142 (Fla. 2003). That presumption is rooted in a concern that the threat of a longer sentence may deter the exercise of the criminal defendant's right to a jury trial under the Sixth Amendment to the United States Constitution. Id. at 150.

However, the presumption of vindictiveness may be overcome if the record establishes that the trial court did not express or imply that the sentencing possibilities "hinge upon future procedural choices, such as the exercise of a defendant's right to trial," State v. Warner, 762 So. 2d 507, 514 (Fla. 2000), and if the court makes clear on the record the reasons for the harsher sentence. Wilson, 845 So. 2d at 152.

A review of the record establishes that the trial court complied with its constitutional obligations in this case. The court clearly explained to Brown that he had the right to

11

proceed to trial and did not state or imply that, by exercising that right, Brown would be punished by a harsher sentence. (App. Ex. KK.) At sentencing, the trial court outlined Brown's extensive criminal history, calling him a "dedicated, intractable career criminal." (App. Ex. MM at 310.) Because of Brown's criminal history, the trial court found that "nothing short of a maximum sentence [] will keep this community safe from your predations." (Id. at 312.) And indeed, the trial court recognized that although the court had previously suggested a two-year sentence, because of information the court learned during trial regarding Brown's criminal history and the stealthy nature of his crimes, a harsher sentence was appropriate. (Id. at 313.)

Brown has not established either a violation of his constitutional rights, or that the state courts examining this issue made errors in the law or the facts. His habeas petition on this point must therefore be denied.

**G.     Ground Nine: Ineffective Assistance of Appellate Counsel**

Brown contends that his appellate counsel was ineffective for failing to raise the vindictive sentence issue on appeal. He can succeed on this claim only if he can show that the trial court's or appellate court's determination of the facts surrounding the claim was unreasonable. 28 U.S.C. § 2254(d). Thus, he must establish both that his appellate counsel was ineffective and that it was unreasonable for the court reviewing his claims to conclude otherwise.

"Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair.

12

Damron v. Florida, No. 8:07-cv-2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 701 (1984)). Brown bears the burden to prove "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Id. (citing Strickland, 466 U.S. at 687-88). To show prejudice, Brown "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted).

As discussed above, the trial court's sentence was not vindictive and thus appellate counsel's failure to raise the issue on appeal was not unreasonable and Brown suffered no prejudice. Thus, Brown's ineffective-assistance claim fails on the merits.

**H.   Certificate of Appealability**

Brown is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

13

Brown has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Brown's claims.

**CONCLUSION**

Brown has not established that any errors of constitutional magnitude occurred in the state-court proceedings. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. A Certificate of Appealability will **NOT** issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:  January 24, 2014

       *s/Paul A. Magnuson*
       Paul A. Magnuson
       United States District Court Judge